[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-14017
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 18, 2008
THOMAS K. KAHN
CLERK

Agency Nos. A95-855-374
A95-855-375

GENTIANA MARINI,
ROBERT MARINI,

                                                        Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                        Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(June 18, 2008)**

Before MARCUS, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Gentiana Marini, a native and citizen of Albania, on behalf of herself and her husband Robert, petitions this court for review of the denial of asylum and withholding of removal. After a thorough review of the record, we deny the petition.

Marini and Robert arrived in the United States in 2001 but were not admitted or paroled, and the INS[1] issued notices to appear charging them with removability under INA § 212(a)(6)(A)(i); 8 U.S.C. § 1182(a)(6)(A)(i). Marini submitted an application for asylum, withholding of removal, and relief under the CAT,[2] alleging that she had been persecuted due to her political opinion and membership in a particular social group.[3] Marini and her family were members of the Legality Movement and Democratic Party in Albania, where Marini also worked as a secretary. As a child, Marini was discriminated against in school. Between 1997 and 2001, she received threats, someone tossed a bomb at her home, she was detained for several hours during which time the police officer attempted to choke

---

[1] The INS is now part of the Department of Homeland Security. The Homeland Security Act of 2002 ("HSA"), Pub. L. 107-296, Stat. 2125 (Nov. 25, 2002).

[2] Marini offered no argument concerning the denial of CAT relief on appeal to the BIA. And she does not raise the issue in her petition for review. Thus, the CAT claims are unexhausted, Fernandez-Bernal v. U.S. Att'y Gen., 257 F.3d 1304, 1317 n.13 (11th Cir. 2001), and abandoned, Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 (11th Cir. 2005).

[3] Although Marini alleged persecution on account of membership in a particular social group, she offered no evidence or argument on that claim. Thus, it is not properly before this court.

her, and she was struck on the leg during her brother's arrest, resulting in a permanent scar.

The Immigration Judge ("IJ") denied relief, finding that, although Marini was credible, Marini had not established past persecution because the allegations involved only a few incidents of harassment. The IJ further found that Marini did not have an objectively well-founded fear of future persecution because the country reports and other documents indicated that Albania was no longer in a state of political upheaval, political violence ended in 1998, there was no evidence that the Socialist Party sought retribution against its opponents and the Democratic Party currently was active in the government. Finally, the IJ concluded that Marini could have relocated.

Marini appealed to the Board of Immigration Appeals ("BIA"), which affirmed the IJ's credibility determination and adopted the IJ's factual findings. The BIA concluded that, considering the events cumulatively, Marini had not established past persecution because the period of detention was short and there was no significant injury. Nevertheless, the BIA found that, even if Marini established past persecution, the government had rebutted the inference of a well-founded fear with evidence that Marini reasonably could have relocated. Marini now petitions this court for review.

3

Marini argues that the BIA erred by concluding that the permanent scar she suffered was not a serious injury and that although the BIA acknowledged that it must consider the events cumulatively, the BIA's conclusion shows that it failed to do so. Marini next argues that the BIA erroneously concluded that relocation was an option and that the BIA's faulty conclusion on relocation also led to the erroneous decision that Marini failed to establish a well-founded fear of future persecution.

We review only the decision of the BIA, except to the extent that it expressly adopts the opinion of the IJ. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Factual determinations are reviewed under the substantial evidence test, and we "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. (internal quotation omitted). A finding of fact will be reversed "only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc). "Under this highly deferential standard of review, denial of relief may be reversed only if the evidence would compel a reasonable fact finder to conclude that the requisite fear of persecution exists." Delgado v. U.S. Att'y Gen., 487 F.3d 855, 860 (11th Cir.

4

2007). Legal determinations are reviewed de novo. Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1254 (11th Cir. 2006).

To be eligible for asylum, an applicant must prove that she is a "refugee" within the meaning of the INA. 8 U.S.C. § 1158(b)(1)(A); see generally Sanchez Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1231-32 (11th Cir. 2007). A "refugee" is defined, in relevant part, as:

> any person who is outside any country of such person's nationality ... and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A).

An applicant can prove refugee status in one of two ways: by demonstrating past persecution or fear of future persecution. 8 C.F.R. § 208.13(b). To establish asylum based on past persecution, the applicant must prove (1) that she was persecuted, and (2) that the persecution was on account of a protected ground. 8 C.F.R. § 208.13(b)(1); Sanchez Jimenez, 492 F.3d at 1232. In addition to providing an independent avenue for asylum eligibility, a showing of past persecution creates a rebuttable presumption of a well-founded fear of future persecution. 8 C.F.R. § 208.13(b)(1); Sanchez Jimenez, 492 F.3d at 1232 (citing Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005)). The

5

applicant's presumptively well-founded fear of future persecution may be rebutted by the government if the government shows, by a preponderance of the evidence, inter alia, that the applicant could avoid future persecution by relocating within the country if, "under all the circumstances, it would be reasonable to expect the applicant to do so." 8 C.F.R. § 208.13(b)(1)(i); Arboleda v. U.S. Att'y Gen., 434 F.3d 1220, 1223 (11th Cir. 2006).

If the applicant fails to demonstrate past persecution, an applicant may still establish asylum based upon proof of a well-founded fear of future persecution. 8 C.F.R. § 208.13(b)(2). The applicant may prove eligibility by demonstrating (1) a subjectively genuine and objectively reasonable fear of persecution that is (2) on account of a protected ground. 8 C.F.R. § 208.13(b)(2)(i); Sanchez Jimenez, 492 F.3d at 1232. "'The subjective component is generally satisfied by the applicant's credible testimony that he or she genuinely fears persecution.'" Sanchez Jimenez, 492 F.3d at 1232 (quoting Al Najjar, 257 F.3d at 1289). The objective prong can be fulfilled by establishing that the applicant "has a good reason to fear future persecution." Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1257 (11th Cir. 2006). Once the applicant makes an initial showing of fear of future persecution, the government may rebut the applicant's evidence by demonstrating, based upon a preponderance of the evidence, that the applicant could avoid future persecution by

6

relocating within the country if, "under all the circumstances, it would be reasonable to expect the applicant to do so."  8 C.F.R. § 208.13(b)(2)(ii).

This court has said that "'persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to persecution.'"  Sanchez Jimenez, 492 F.3d at 1232 (quoting Sepulveda, 401 F.3d at 1231); see also Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1237 (11th Cir. 2006) (concluding that a written death threat alone did not compel a finding of past persecution).  This court has also rejected a rigid requirement of physical injury, making clear in Sanchez Jimenez that "attempted murder is persecution," regardless of whether the petitioner was injured and even if the attack is unsuccessful.  492 F.3d at 1233; see also Mejia v. U.S. Att'y Gen., 498 F.3d 1253, 1257-58, 1257 n.7 (11th Cir. 2007) (extending the rule in Sanchez Jimenez to other projectiles such as rocks).  "In assessing past persecution [this court is] required to consider the cumulative impact of the mistreatment the petitioner [ ] suffered."  Mejia, 498 F.3d at 1258; Delgado v. U.S. Att'y Gen., 487 F.3d 855, 861 (11th Cir. 2007) (citing Ruiz, 479 F.3d at 766); Ruiz v. Gonzales, 479 F.3d 762, 766 (11th Cir. 2007) (holding that the cumulative effect of a beating, threatening phone calls, and a kidnaping constituted persecution).  Thus, even though each instance of mistreatment, when considered alone, may not amount to

7

persecution, the record may still compel a finding of past persecution when considered as a whole. Delgado, 487 F.3d at 861.

Upon review of the record, we conclude that the record compels the conclusion that Marini established past persecution. Marini suffered mistreatment based on her family's political views from the time she was a child. As an adult, she worked for both the Legality Movement Party and the Democratic Party, opposing the Communist regime. Over a period of four years, she received threats, was arrested during a political rally, and was choked by a police officer. Her family received threats against Marini and her brother. Her house was bombed, although no one was injured. Marini was present when her brother was arrested and was struck in the leg, resulting in an injury that left a scar. Finally, police conducted a search of her home, looking for Marini, during which they pushed Marini's mother and struck her father. During these incidents, the police made comments about Marini's and her family's political views. When compared to other cases from this court, these incidents are sufficient to establish past persecution. See Sanchez Jimenez, 492 F.3d at 1233; Mejia, 498 F.3d at 1257-58; Ruiz, 479 F.3d at 766.

Assuming that Marini established past persecution,[4] the government asserts that there is evidence to rebut the presumption of a well-founded fear of future persecution by showing it was reasonable for Marini to relocate.

The BIA has construed the regulations to require that an asylum applicant show that she faces a threat of future persecution country-wide. Matter of Acosta, 19 I. & N. Dec. 211, 235 (BIA 1985); see also Mazariegos v. U.S. Att'y Gen., 241 F.3d 1320, 1327 (11th Cir. 2001) (upholding the imposition of a "country-wide" requirement, and noting that "it is not unreasonable to require a refugee who has an internal resettlement alternative in [her] own country to . . . establish that such an option is unavailable."). Thus, in determining whether relocation is an option, the IJ must consider whether "under all the circumstances it would be reasonable to expect the applicant [to relocate]." 8 C.F.R. § 1208.13(b)(2)(ii); see also 8 C.F.R. § 1208.13(b)(1)(i)(B). There are several considerations relevant to the "reasonableness" determination, including:

---

[4] The Supreme Court has instructed that, when the IJ or BIA has not made findings of fact or has not applied the law to those facts, appellate courts should remand to allow the IJ to make such determinations in the first instance. See INS v. Ventura, 537 U.S. 12, 16-17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002); see also Gonzales v. Thomas, 547 U.S. 183, 126 S.Ct. 1613, 1615, 164 L.Ed.2d 358 (2006). And the general practice in this circuit is to remand when the IJ or BIA fails to make "adequate findings" or give "reasoned consideration" to all the evidence. Mezvrishvili v. U.S. Att'y Gen., 467 F.3d 1292, 1297 (11th Cir. 2006); Antipova v. U.S. Att'y Gen., 392 F.3d 1259, 1265 (11th Cir. 2004). Contrary to Marini's argument, remand on this issue is not necessary. Both the BIA and the IJ adequately explained the reasons for the conclusions that relocation was an option. Therefore, the issue is properly before this court for appellate review.

9

whether the applicant would face other serious harm in the place of suggested relocation; any ongoing civil strife within the country, administrative, economic or judicial infrastructure; geographical limitations; and social and cultural constraints, such as age, gender, health, and social and familial ties.

8 C.F.R. § 1208.13(b)(3); Sepulveda, 401 F.3d at 1232 n.7 (considering, inter alia, the large numbers of internally displaced people – and the resulting lack of access to health care, education, or employment – in concluding that relocation within Colombia was not reasonable).

Upon review, we conclude the BIA properly determined that relocation was a reasonable option under the facts of this case and given the reasonableness considerations set forth in the federal regulations. According to the evidence in the record, the Democratic Party currently holds a number of seats in the parliament and, together with the Socialist Party, makes up the majority. The most recent elections have shown an improvement in political conditions with only isolated incidents of violence. In recent years, according to the reports, police officials who engaged in misconduct have been disciplined, demonstrating that it was unlikely Marini would have an objectively reasonable fear of the police. And nothing in the record indicates that local police would look or have been looking for Marini.

At the removal hearing, Marini testified that she had lived in Berat and Tirana while working for the Democratic and Legality Movement parties, and there was no evidence that she experienced any threats or difficulties while in those

10

cities. Thus, contrary to Marini's claims, the issue of relocation was addressed at the hearing. And at no time did the IJ or the BIA shift the burden of proof with respect to relocation to Marini. Accordingly, the government has rebutted the presumption that she would suffer future persecution.

Even if Marini was not entitled to relief under a theory of past persecution, she still may be entitled to relief if she can establish that she had a well-founded fear of future persecution. Marini's credible testimony is sufficient to establish the subjective prong. Sanchez Jimenez, 492 F.3d at 1232. The question is whether her well-founded fear was objectively reasonable. For the reasons discussed above, Marini cannot show an objectively reasonable fear. Thus, Marini is not entitled to relief on the theory that she has a well-founded fear of future persecution.[5]

The petition is DENIED.

---

[5] Because Marini cannot establish eligibility for asylum relief, she cannot meet the more stringent burden for withholding of removal. Zheng v. U.S. Att'y Gen., 451 F.3d 1287, 1292 (11th Cir. 2006).